IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maleek Fulton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 0:22-cv-1954-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Sgt. Terry Mack; Officer Young, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Maleek Fulton ("Plaintiff"), a self-represented pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 against two detention center officers ("Defendants"). On March 2, 2023, Defendants filed a motion for summary judgment. (ECF No. 79.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On October 12, 2023, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Defendants' motion for summary judgment as to Plaintiff's Fourteenth Amendment due process claim and grant the motion as to all of Plaintiff's other claims. (ECF No. 97.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  Defendants filed written objections on October 26, 2023. (ECF No. 100.)  Plaintiff did not file any written objections.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.    The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

## **DISCUSSION**

As an initial matter, the Court notes that the Magistrate Judge's Report thoroughly outlines the relevant background, and no party objects to this portion of her Report. After review, therefore, the Court finds no error and adopts this portion of the Magistrate Judge's Report without further discussion, repeating herein only the facts necessary to consider Defendants' objections.

Additionally, the Court notes that no party objects to the following of the Magistrate Judge's findings: (1) that Defendants are entitled to summary judgment on Plaintiff's claims against them in their official capacities because they are arms of the state and are entitled to Eleventh Amendment immunity from being sued in their official capacity for money damages; (2) that Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment claim alleging deliberate indifference to medical needs; and (3) that Defendants are immune from suit in this Court on Plaintiff's state law gross negligence claim pursuant to the South Carolina Tort Claims Act. The Court has thoroughly reviewed these findings and recommendations and finds no clear error. Indeed, even after *de novo* review, the Court fully agrees with the Magistrate Judge's analysis of these claims. Accordingly, for the reasons set forth in the Report, the Court grants Defendants' motion for summary judgment as to Plaintiff's claims against Defendants in their official capacities, as to Plaintiff's claim alleging deliberate indifference to medical needs, and as to Plaintiff's gross negligence claim arising under the South Carolina Tort Claims Act.

Next, however, Defendants *do* object to the Magistrate Judge's recommendation that the Court deny their motion for summary judgment as to Plaintiff's excessive force claims brought under the Due Process Clause of the Fourteenth Amendment and as to

3

Defendants' assertion of the defense of qualified immunity.  In their objections, Defendants assert that the Magistrate Judge "recommended that summary judgment not be granted on the excessive use of force claims primarily based on competing affidavits submitted by Defendants and the Plaintiff."  (ECF No. 100 at 3.)  Specifically, Defendants assert that the Magistrate Judge relied on affidavits submitted by Plaintiff "from inmates Robert Benjamin, Reginald Smith, Raheim Taylor, Linwood Wilson, and an Inmate Becker and/or Barker." (*Id.*)  Defendants also assert that the Magistrate Judge found these affidavits sufficient to create a dispute of fact because they were notarized and were sufficiently made under penalty of perjury.  According to Defendants, however, the other inmates' affidavits are not sufficient to create a genuine issue of material fact because they allege conclusory facts and legal conclusions, and because they are essentially sham affidavits filed to avoid summary judgment and are at odds with the Plaintiff's own allegations and deposition testimony.  (*Id.* at 4.)

After review, it appears to the Court that Defendants are mistaken as to the Magistrate Judge's reliance on the affidavits of other inmates submitted by Plaintiff. Indeed, after a thorough review of the Report, the Court notes that the Magistrate Judge *does not even reference* the other inmates' affidavits; rather, in finding that the record contains contrasting sworn testimony sufficient to create a genuine dispute of fact, the Magistrate Judge points only to the affidavits of Defendants and Officer Reed on one hand and to Plaintiff's affidavit[1] on the other hand.  As such, the Court finds no merit to

---

[1] The Magistrate Judge's only references to the affidavits submitted by Plaintiff are to ECF No. 84-1 at 2, which is Plaintiff's own affidavit, "[s]ubscribed and sworn to" in the presence of a South Carolina notary. The Magistrate Judge also references Plaintiff's sworn deposition testimony.  (*See* ECF No. 97 at 9.)

Defendants' objections pertaining to the affidavits of the other inmates.

Furthermore, after *de novo* review, the Court fully agrees with the Magistrate Judge that the contrasting sworn testimony of Defendants and *Plaintiff* creates a dispute of fact as to the force used during the incident in the sally port. As the Magistrate Judge porperly explained, if a jury accepts Plaintiff's version of the facts, then it could conclude that Defendants' use of force was objectively unreasonable. For this reason, the Court also agrees with the Magistrate Judge that Defendants are not entitled to qualified immunity at this time on this claim.

Finally, the Court notes that Plaintiff filed a "motion requesting further discovery under Rule 56(f)," wherein he seeks Alpha Unit and Alpha Sally Port videos. (ECF No. 85 at 1.) As the Magistrate Judge noted, however, Defendants have stated that no video exists of this incident. (*See* ECF No. 97 at 10 n.4 ("Accordingly, to the extent Plaintiff's filing at ECF No. 85 could be construed as a motion to compel or an affidavit pursuant to Federal Rule of Civil Procedure 56(d) stating that he cannot respond without such videos, his relief must be denied.").) Accordingly, the Court denies Plaintiff's motion.

## CONCLUSION

Based on the foregoing, the Court **overrules** Defendants' objections (ECF No. 100); the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 97); the Court **grants in part and denies in part** Defendants' motion for summary judgment[2] (ECF No. 79); the Court **denies** Plaintiff's motion to compel (ECF No. 85); and the Court

---

[2] Specifically, the Court denies Defendants' motion for summary judgment as to Plaintiff's Fourteenth Amendment due process claim alleging excessive force against Defendants (and Defendants' corresponding assertion of the defense of qualified immunity) and grants the motion as to all other claims.

remands the matter and respectfully requests that the Magistrate Judge advise the parties of the Court's alternative dispute resolution procedures, *see* Local Civil Rules 16.03-16.09, D.S.C., and/or consider whether any exceptional circumstances may warrant the appointment of counsel to assist Plaintiff at a mediation and/or trial of this matter.

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

March 15, 2024
Charleston, South Carolina